■ In the Matter of the Claim of JOSEPH FIORE, Respondent, against WILSON & GREENE LUMBER COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision and award of the Workmen's Compensation Board to the extent that it made a reduced earnings award for partial disability for the period from January 2, 1956 to January 18, 1956 and from January 25, 1956 to May 21, 1956 with payments to continue. The award of compensation for

total disability from July 15, 1955 to January 2, 1956 and for the period when the claimant was in the hospital undergoing a checkup between January 18, 1956 and January 25, 1956, is unchallenged. While working on July 15, 1955 the claimant sustained a fracture of the right eighth rib and X rays taken on July 16, showed a small amount of fluid present in the right pleural space indicating pleural reaction and irritation. Subsequent X rays indicated that the fracture healed satisfactorily and that there was no longer any fluid in the pleural space. The claimant was first treated by Dr. Lubaszewicz who last saw him on October 7, 1955 and who then said he could probably return to work on October 17. Dr. Grover examined the claimant on October 10 and found he had intercostal neuritis. His last examination was on December 6 and he then said the claimant should be able to go back to work on January 11, 1956. Dr. Preacher, who examined the claimant at the request of Dr. Grover, diagnosed the claimant's condition as intercostal neuritis The claimant was at this time complaining of pain in the area of the fractured rib. Dr. Murphy examined the claimant on November 14, 1955 and stated the disability would probably continue until the first of the year and that he should do light work to begin with. It appears that in December the claimant moved to Buffalo where he consulted Dr. Naples, who found the claimant had pain in his right chest and shortness of breath and had X rays taken which showed a healed fracture of the eighth rib. The claimant was placed in a hospital from January 18 to January 25 and he was there examined by Dr. Albee. Dr. Albee's report stated the pain was not characteristic of rib fracture pain in that it was bilateral and accompanied by shortness of breath. He found the claimant had a hypertensive heart disease. The claimant was examined by Dr. Cole on January 13 and February 9 and his diagnosis was that there was no intercostal neuritis but rather the claimant had developed an unrelated heart disease. Dr. Naples last saw the claimant on February 13 and it was his opinion that he had fully recovered from the rib fracture as of February 1, 1956. The board's ophthalmologist examined the claimant on May 21, 1956, the day of the hearing, and found a partial disability but he did not say it was related to the rib fracture. A Dr. Bass examined the claimant on the same day and found him completely recovered from the rib fracture and he stated that any partial disability was not from that injury. At the hearing the claimant was not represented by counsel and the appellants presented the testimony of Drs. Naples, Cole and Albee. The Referee made an award for full disability from the date of the accident to January 2, 1956 and for the week the claimant was in the hospital. He also made a reduced earnings award for the period from January 2 to May 21, exclusive of the week the claimant was in the hospital, with payments to continue. This award was affirmed by the board which found that the rib fracture caused the claimant's disability. The three physicians who testified at the hearing were the claimant's own physicians who examined and treated him after he moved to Buffalo in December, 1955. These doctors stated that he had completely recovered from his rib fracture, that he was suffering from a hypertensive heart condition in no way related to the accident and that any pain which he was then experiencing was caused by the heart condition. Thus, taking the view of the record most favorable to the claimant, there is no evidence of any causally related disability after February 1, 1956 and therefore the decision of the board which awarded the claimant compensation for partial disability after that date and up to May 21, 1956 with payments to continue should be reversed and the matter remitted to the board. Decision and award reversed and matter remitted, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.